IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

DANIEL SANCHEZ,
HUMBERTO GONZALES,
JOSE FRANCISCO GONZALES;
JUAN BERNARDO GONZALES, and,
ISMAEL SANCHEZ,

    Plaintiffs,
v.                              C.A. No.:   6:16-cv-205-MHS

REDI-MIX SOLUTIONS, LTD.,
CRAIG SCOTT, and BRANDI SCOTT,

    Defendants.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DANIEL SANCHEZ, HUMBERTO GONZALES, JOSE FRANCISCO GONZALES; JUAN BERNARDO GONZALES; and, ISMAEL SANCHEZ (hereinafter sometimes collectively referred to as "Plaintiffs"), by and through their undersigned counsel, hereby sue Defendants, REDI-MIX SOLUTIONS, LTD., CRAIG SCOTT and BRANDI SCOTT (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof states as follows:

### INTRODUCTION

1.    This is an action by Plaintiffs against their former employers for unpaid overtime wages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiffs seek damages for unpaid overtime wages,

liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331 since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Plaintiffs performed work for Defendants and incurred unpaid overtime wages while working in Anderson County, Texas.

## THE PARTIES

4. Plaintiffs, DANIEL SANCHEZ, and ISMAEL SANCHEZ, are individuals residing in Palestine, Texas.

5. Plaintiff, HUMBERTO GONZALES, is an individual residing in Pasadena, Texas.

6. Plaintiff, JOSE FRANCISCO GONZALES, is an individual residing in Pasadena, Texas.

7. Plaintiff, JUAN BERNARDO GONZALES, is an individual residing in Pasadena, Texas.

8. Plaintiff, DANIEL SANCHEZ, was employed as a "Foreman" by Defendants from approximately April of 2014 through April of 2015 at the rate of

$15.50 per hour. Then again, from June of 2015 through August of 2015 at the rate of $17.00 per hour. Some of Plaintiff's principle duties were to organize the crew, discharge the trucks and complete paperwork.

9. Plaintiff, HUMBERTO GONZALES, was employed by Defendants as a "Laborer" by Defendants from approximately 2007 through March of 2015 at the rate of $15.50 per hour. Some of Plaintiff's principle duties were to clean trucks that transported concrete.

10. Plaintiff, JOSE FRANCISCO GONZALES, was employed was employed as a "Laborer" by Defendants from approximately 2010 through March of 2015 at the rate of $15.00 per hour. Some of Plaintiff's principle duties were to clean trucks that transported concrete.

11. Plaintiff, JUAN BERNARDO GONZALES, was employed as a "Laborer" by Defendants from approximately 2007 through March of 2015 at the rate of $15.00 per hour. Some of Plaintiff's principle duties were to clean trucks that transported concrete; break down concrete that accumulated in these trucks, clean silos (and filters) that stored concrete mix.

12. Plaintiff, ISMAEL SANCHEZ, was employed was employed as a "Laborer" by Defendants from approximately July of 2014 through October of 2014at the rate of $16.50 per hour. Some of Plaintiff's principle duties were to clean trucks that transported concrete.

13. Defendant, REDI-MIX SOLUTIONS, LTD., is a corporation formed under the laws of the State of Texas and at all at all times material to this complaint, maintained and operated a business in Anderson County, Texas.

14. CRAIG SCOTT and BRANDI SCOTT are the owners of Defendant, REDI-MIX SOLUTIONS, LTD., and operate it on a day-to-day basis, acting directly on behalf REDI-MIX SOLUTIONS, LTD. as employers under 29 U.S.C. § 203(d), and are therefore jointly and severally liable as such for the claims described in this Complaint.

15. Defendants, CRAIG SCOTT and BRANDI SCOTT, are individuals who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, REDI-MIX SOLUTIONS, LTD., in relationship to Plaintiffs; therefore, Defendants are joint employers as defined by 29 U.S.C. § 203(d).

16. Defendants, CRAIG SCOTT and BRANDI SCOTT, (1) possessed the power to hire and fire the Plaintiffs, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.  Therefore, they are statutory employers under the FLSA.

7. At all times material to this complaint, Defendants had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiffs were employed.

8. At all times material to this complaint, Defendants employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

9. At all times material to this complaint, Defendant, REDI-MIX SOLUTIONS, LTD. , was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s). Specifically, Defendants specialize in, among other things, concrete chipping, i.e., removing concrete from mixing drums and truck, throughout Texas, Louisiana, and other locations around the United States.

10. At all times material hereto Plaintiffs and Defendants collectively engaged in interstate commerce through the support functions they provided to the construction industries.

11. Additionally, Plaintiffs performed work utilizing products which were manufactured outside of the state of Texas for interstate commerce and worked on or handled goods that were moving in interstate commerce.

12. At all times material to this Complaint, Defendants were the employer of the Plaintiffs and, as a matter of economic reality, Plaintiffs were dependent upon Defendants for their employment.

13. Throughout the employment of Plaintiffs, Defendants repeatedly and

willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiffs at a rate not less than one and one-half times the regular rate for each hour in excess of 40 the Plaintiffs worked in a workweek.

14. Plaintiffs estimates that they worked an average of approximately seventy-five (75) hours per week during each week of their employment with the Defendant.

15. Defendant paid Plaintiffs their regular hourly rate, but did not pay Plaintiffs the additional half-time premium due under the FLSA for hours worked in excess of 40 in a workweek.

16. Defendants used the pay scheme alleged herein to intentionally and willfully avoid paying Plaintiffs the correct amount overtime wages due to them as required by the Fair Labor Standards Act.

17. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as an employer under the FLSA.

18. Defendants acted willfully and failed to act reasonably to comply with the FLSA; therefore, Plaintiffs are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime wages pursuant to 29 U.S.C. § 216(b).

19. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to

actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

21.     Plaintiffs are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand Judgment against Defendants, jointly and severally, for the following:

    a.      Unpaid overtime wages found to be due and owing;

    b.      An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

    c.      Prejudgment interest in the event liquidated damages are not awarded;

    d.      Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

    e.      For any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted, April 5, 2016.

**ROSS LAW GROUP**

Page 8 of 8

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com